```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


WILLIAM L. JOHNSON,              )
          Petitioner             )
                                 )
     vs.                         ) Civil Action No. 04-1639
                                 ) Chief Judge Donetta W. Ambrose/
MARDIAN HUNSBERGER,              ) Magistrate Judge Amy Reynolds Hay
Superintendent; THE DISTRICT     )
ATTORNEY OF THE COUNTY OF        )
ALLEGHENY; THE ATTORNEY          )
GENERAL OF THE STATE OF          )
PENNSYLVANIA,                    )
          Respondents            )
```

## AMENDED REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is recommended that the habeas petition filed by Petitioner pursuant to 28 U.S.C. § 2254 be dismissed for lack of subject matter jurisdiction as a "second or successive" petition. It is further recommended that a certificate of appealability be denied.

**REPORT**

### I. Applicable Legal Principles

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for obtaining federal habeas relief, is applicable to this case. See Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001). In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by

prisoners.  See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ.").  Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A) has essentially divested the district courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection.  See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, [Section 2244(b)(3)(A)] is an allocation of subject-matter jurisdiction to the court of appeals."), cert. denied, 540 U.S. 826 (2003).

The Supreme Court cautioned against an overly literal interpretation of what constitutes a second or successive petition within the meaning of Section 2244(b)(3)(A) in Stewart v. Martinez- Villareal, 523 U.S. 637 (1998).  However, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the

subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals.  See, e.g., In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)("Thus, a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."); James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002)("a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition.").

**II.  Discussion**

In 1986, William L. Johnson (Petitioner) was arrested for engaging in sexual relations with mentally disabled women who resided in the facility where he worked as a night manager. Petitioner was subsequently convicted of rape, involuntary deviate sexual intercourse and indecent assault and is now serving an aggregate state court sentence of 24-60 years.

Petitioner filed a previous Section 2254 habeas petition challenging these state court convictions (CC8608135 and CC8608852).  See Johnson v. Love, No. 93-1043 (W.D. Pa.  Doc. No. 1).  In that petition he raised the following two claims:

> I.  PETITIONER WAS DENIED DUE PROCESS OF LAW, IN THAT THE TRIAL COURT ERRED IN PERMITTING THE TESTIMONY OF ENNY SEABROOK AS AN EXPERT ON THE

> ISSUE OF A MENTALLY RETARDED INDIVIDUAL'S CAPACITY TO CONSENT TO SEXUAL ACTS.
>
> II. PETITIONER WAS DENIED DUE PROCESS OF LAW, IN THAT THE EVIDENCE PRESENTED AT TRIAL DOSE [sic] NOT SUPPORT THE VERDICT THAT THE INDIVIDUALS WERE INCAPABLE OF CONSENSUAL SEX[.]

Johnson v. Love, No. 93-1043 (W.D. Pa. Doc. 1, attachment at 5). In a Report and Recommendation ("R&R") dated October 14, 1993, that addressed Petitioner's claims on the merits, it was recommended that the 1993 petition be denied due to Petitioner having failed to show that he was denied substantive due process, i.e., fundamental fairness in his criminal trial. See Doc. 8 in Johnson v. Love, No. 93-1043 (W.D. Pa.)(the R&R disposing of the 1993 petition, attached hereto as Appendix A.). The District Court, over Petitioner's objections, adopted the R&R. Johnson v. Love, No. 93-1043 (W.D. Pa. Doc. No. 11).

In the current habeas petition, Petitioner is challenging the very same conviction charged at CC8608135 that he challenged in Johnson v. Love, No. 93-1043 (W.D. Pa. Doc. No. 11). He raises the following two issues in the current petition:

> 13. A. Petitioner was denied due process of law when the evidence was insufficient to prove all of the elements of Rape and I.D.S.I. of Elaine Burns. Relevant facts: There was no evidence presented that Elaine Burns suffered from a disease or mental defect that made her unable to consent to sexual intercourse, alternatively, if Burns did suffer from such a disease or defect, there was no evidence presented that Petitioner was at least reckless in not knowing that Burns was unable to consent.

>     13. B.  Petitioner was denied due process of law
>     when the evidence was insufficient to prove all
>     the elements of rape and [sic] of Marylou
>     Marshall.

Doc. 2 back of page 7.[1]  It appears that both of the issues Petitioner raises in the present petition could have been raised in the earlier petition.  At the very least, Petitioner has not shown why the claims he presently raises could not have been raised in the prior petition.  See, e.g., Acosta v. Artuz, 221 F.3d 117, 122 n.3 (2d Cir. 2000)("the portion of Section 2244 [of AEDPA] dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a habeas petition 'was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.'").  Hence, because Petitioner's 1993 petition was disposed of "on the merits," and Petitioner has failed to show that he could not have brought in the earlier petition the two claims he currently raises, this present petition constitutes a "second or successive" petition.  A review of the computerized dockets of the Court of Appeals shows that Petitioner has not sought nor received from that Court permission to file this

---

[1] The facts supporting Petitioner's second claim regarding Marylou Marshall mirror those supporting his first claim.

second or successive petition. Therefore, the habeas petition must be dismissed for lack of subject matter jurisdiction.[2]

### III. Certificate of Appealability

Section 2253 of Title 28 generally governs appeals from district court orders regarding habeas petitions and requires prisoners attacking their state convictions to obtain a certificate of appealability ("COA") before appealing to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right, i.e., has shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel,

---

[2] While the Respondents note that Petitioner has previously filed a habeas petition, Doc. 8 at 4, they fail to raise the second or successive bar. Such a failure on the Respondents' part does not constitute a waiver of this issue because, as noted above, the second or successive bar is one that allocates subject matter jurisdiction over such second or successive habeas petitions to the Court of Appeals and subject matter jurisdiction cannot be waived. United States v. Cotton, 535 U.S. 625, 630 (2002)(the issue "of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.").

To the extent that Petitioner is entitled to notice and an opportunity to be heard prior to dismissal of his petition for lack of subject matter jurisdiction, this report and recommendation serves as appropriate notice and the opportunity to file objections provides Petitioner the opportunity to be heard. Faragher v. Walter, 26 Fed.Appx. 610, 611 (9th Cir. 2001); Kelly v. Ducharme, 18 Fed. Appx. 527, 528 (9th Cir. 2001).

529 U.S. 473 (2000); <u>Walker v. Government of The Virgin Island</u>, 230 F.3d 82, 89-90 (3d Cir. 2000). Petitioner fails to make such a showing here.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                      Respectfully submitted,

                                      /S/ AMY REYNOLDS HAY
                                      AMY REYNOLDS HAY
                                      United States Magistrate Judge

Dated: 6 December, 2005

cc:  The Honorable Donetta W. Ambrose
     Chief United States District Judge

     William L. Johnson
     AJ-0613
     SCI Laurel Highland
     5706 Glades Pike
     P.O. Box 631
     Somerset, PA 15501-0631

     Rusheen R. Pettit, Esquire
     Office of the District Attorney
     401 Allegheny County Courthouse
     Pittsburgh, PA 15219